**UNITED STATES**

v.

**Master Sergeant Raymond G. DeCHAM-PLAIN, FR 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 Headquarters, 1840th Air Base Wing 1840th Air Base Wing (AFCS).**

**ACM 21034 (reh).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1975.

Decided 25 Feb. 1976.

Appearances: Appellate counsel for the Accused: Mr. Leonard B. Boudin and Mr. Eric M. Lieberman, New York NY, Colonel Jerry E. Conner and Major Byron D. Baur. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

### DECISION UPON REHEARING

LeTARTE, Chief Judge:

In our original decision in this case, *United States v. DeChamplain,* 46 C.M.R. 784 (A.F.C.M.R.1972), we set aside the findings of guilty and the sentence and ordered a rehearing. Upon certification of The Judge Advocate General, our decision was affirmed by the Court of Military Appeals. *United States v. DeChamplain,* 22 U.S.C. M.A. 150, 46 C.M.R. 150 (1973). On rehearing, consonant with his pleas, the accused stands convicted of conspiring to wrongfully communicate classified information to a foreign government agent, violating a lawful general regulation by failing to report a contact with a foreign government representative, wrongfully copying classified documents respecting the national defense and wrongfully and willfully attempting to deliver such classified documents to a person not authorized to receive them. The offenses were charged as violations of Articles 81, 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 934, respectively. The accused was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for 10 years and reduction in grade to airman basic, but the convening authority reduced the confinement provision to 7 years (suspended) pursuant to a pretrial agreement.

Appellate defense counsel have assigned three errors for our consideration. Counsel assert that the accused was denied his right

to a speedy trial on rehearing, that he was denied his constitutional and statutory right of freedom from unnecessary pretrial confinement and that the regulation [1] directing that contacts with foreign government agents be reported "unconstitutionally requires self-incrimination and is non-punitive in nature."

▮ As to the first issue raised, the accused's offenses occurred in June and July, 1971. Therefore, although his pre-trial confinement exceeded 90 days, a presumption of denial of his right to a speedy trial did not arise. *United States v. Burton,* 21 U.S. C.M.A. 112, 44 C.M.R. 166 (1971).[2] Hence, tested by pre-*Burton* standards, we find that the Government demonstrated that it acted with reasonable dispatch in bringing the accused to trial upon rehearing. *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmins,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

▮ With respect to the remaining issues, we find no merit in appellate defense counsel's second claim of error, and the Court of Military Appeals decision in *United States v. Kauffman,* 14 U.S.C.M.A. 283, 34 C.M.R. 63, 78 (1963) is dispositive of the final question raised.

Accordingly, the findings of guilty and the sentence are

Affirmed.

FORAY, Judge, concurs.

EARLY, Senior Judge, absent.

---

1. Air Force Regulation 205–57, Reporting and Investigating Espionage, Sabotage, Terrorism, and Subversion, dated 14 October 1968, paragraph 2. This regulation was superceded on 1 February 1974.

2. In *United States v. Burton,* supra, the Court held that for offenses occurring *after* 17 December, 1971, in the absence of defense requests for a continuance, a presumption of an Article 10, Code, supra, violation will exist when pretrial confinement exceeds 90 days. See also *United States v. Driver,* 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974).